*Bell & Wilson, for appellant.*

---

## SAMUEL MARTIN *v.* JOHN MARTIN'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 6—451.]

**Judgment for Failure to Discharge Rule.**

Before there can be any judgment against a party for failing to comply with an order it must appear that a rule had been entered

and the order made and where the party appeals from a judgment taken against him on account of such failure because no rule was served on him or order made against him the trial court can not after appeal supply the omission by amending its records so as to show such order to have been made. There can be no amendment when there is nothing in existence to amend.

### APPEAL FROM CLARK CIRCUIT COURT.

October 16, 1884.

OPINION BY JUDGE PRYOR:

The appellant is controverting the fact that any order was made requiring him to execute a bond in this case or that he was ruled to do so. The opinion or judgment recites that a rule having been served upon him at a certain day prior to the rendition of the judgment and the appellant having been required to execute bond and failing to do so the judgment is rendered. It distinctly appears from the proceedings in the entire case that no such order was made or rule entered, and after judgment and at a subsequent term, and after the appeal has been taken it is proposed to amend the record by an order for the first time entered to the effect that a rule had issued and the appellant had failed to comply with its terms. We see nothing in the record to amend by. There was no order attempted to be made prior to the judgment, nor any proceeding upon which to base it. It may all have occurred but there is no evidence of it except the order made after the judgment was entered. The case was brought to this court for the purpose of testing the sufficiency of the answer of the appellant in an ordinary action. The answer presented an equitable defense and a demurrer was sustained to the pleading. This court reversed the judgment, holding the answer good, and remanded the case. On the return of the cause the only step taken was the judgment against the appellant now appealed from. The mandate when filled required in effect that the order sustaining the demurrer should have been set aside and the demurrer overruled. This left the appellant with a good defense, and if the appellee then desired that the bond should be given to perform the judgment as the case had to go to the equity docket he should have taken such steps as authorized by the Code. We do not mean to say that if such steps had been taken and the question made as to the right to require the bond or objections

interposed by the appellant that the failure to set aside the order sustaining the demurrer would have been fatal to the appellee because the filing of the mandate and the subsequent proceedings by both parties as if that order had been entered, would have been treated as in effect setting aside the order and permitting the defense. The failure to set aside in that state of case would have been regarded more as a matter of form than substance, but here the appellees offer to make an order that seems to have been in the mind of the court and counsel but nowhere else and when entered authorizes the judgment. The trouble is there is nothing to amend by and the recital in the judgment that such things had occurred is not sufficient. If the record can be amended by anything but what appears in the record there would be no certainty or sanctity in judicial proceedings. *Conn v. Doyle,* 2 Bibb. (Ky.) 249.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

Judge Holt not sitting.

*John B. Huston, for appellant.*

*French & Tucker, Geo. B. Nelson, for appellee.*

[Cited, in *Jett v. Farmers' Bank of Kentucky,* 25 Ky. L. 818, 76 S. W. 385.]